# THE TOWN OF CHATHAM

*v.*

# NOAH MASON.

1. JURISDICTION—*suit by a Town for a penalty—before what justices to be brought.* Under the sixth section of article twelve of the Township organization law, a suit by a town to recover a penalty for obstructing, or continuing an obstruction to a public highway, can not be brought before a justice of the peace residing in the town for the benefit of which the suit is prosecuted, but may be brought before any justice residing in any other town in the same county, if a justice have jurisdiction of the subject matter of the suit.

2. Nor does the one hundred and third section of article seventeen, of the same law, giving to justices of the peace jurisdiction in suits to recover penalties and forfeitures provided for by the act, where the same do not exceed one hundred dollars, affect the rule that where a town sues, a justice residing within the town which brings the suit has no jurisdiction.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. BENJAMIN S. EDWARDS, Judge, presiding.

The opinion states the case.

Messrs. CULLOM, ZANE & MARCY, and Mr. J. E. ROSETTE, for the plaintiff in error.

Messrs. HAY, GREENE & LITTLER, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action brought to recover a penalty for obstructing, or continuing an obstruction of a public highway. The suit was brought before a justice of the peace of the town which sued to collect the penalty. The sixth section of article twelve of the township organization law, Gross' Comp. 750, declares that "any action in favor of a town, which, if brought by an

individual, could be prosecuted before a justice of the peace, may be prosecuted by such town in like manner, before any such justice; but no action to recover shall be brought before any of the justices of the peace residing in the town for the benefit of which the same is prosecuted, but all such actions may be brought before any one of the justices of the peace residing in any other town of the same county."

This provision confers jurisdiction upon justices of the peace to the same extent, where the town is plaintiff, as they had where an individual sued before them. It however prohibits such suits from being brought before a justice of the peace residing within the town bringing the suit. The language is clear, explicit and peremptory. It neither requires nor admits of construction. *Ita lex scripta est.*

It is, however, urged that section 103, article 17, of the same law, Gross' Comp. 777, has conferred jurisdiction on justices of the peace. It declares that "all penalties and forfeitures provided in and by this act, where the same shall not exceed one hundred dollars, may be sued for and recovered before any justice of the peace of the proper county, upon whom jurisdiction in such cases is hereby conferred, and all proceedings for the recovery of any such penalty or forfeiture, shall be in the name of the town to which the same shall be forfeited, unless otherwise provided by this act."

Were it not for the last clause of this section, the question would be one of considerable difficulty. The two sections being found in the same law, and apparently inharmonious, it would be difficult to determine whether the latter was designed to repeal the former, or that one should limit or modify the other. But the last clause relieves us of the difficulty. The one hundred and third section authorizes any justice of the peace of the county to entertain jurisdiction for the recovery of penalties under that statute, but the last clause modifies and limits the operation of the statute, to cases not otherwise provided for by the act; and we have seen that the sixth section of the twelfth article has declared, that the town shall not sue for a

recovery, before a justice of the peace residing within its limits, but requires suits to be brought before some other justice of the peace of the county. This section has then clearly provided otherwise. It limits the operation of the one hundred and third section to any justice of the peace of the proper county, except the justices residing in the town which may sue.

This seems to be the only fair and reasonable construction which can be given to these two sections. We can not suppose the legislature intended by one provision of the same act, to repeal another, but we must presume they intended that both should stand, and, by this construction, both may have operation and proper effect. By this latter section, the general assembly no doubt intended to confer jurisdiction upon justices of the peace, in all cases not already provided for in the law, and hence, excepted such cases as had already been specifically provided for by previous provisions of the act. By this construction the two sections can be harmonized, but it is only by this construction. It follows that the justice of the peace had no jurisdiction of the plaintiff, or of the subject matter of the suit, as he was prohibited by law from hearing the cause. The judgment of the circuit court must be affirmed.

*Judgment affirmed.*